IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>WELLMARK, INC. d/b/a WELLMARK BLUE CROSS AND BLUE SHIELD OF IOWA  and WELLMARK OF SOUTH DAKOTA, INC. d/b/a WELLMARK BLUE CROSS AND BLUE SHIELD OF SOUTH DAKOTA<br><br>    Defendants. | CASE NO. 2:15-cv-01173-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS WELLMARK, INC., AND WELLMARK OF SOUTH DAKOTA, INC.'s ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Wellmark, Inc. and Wellmark of South Dakota, Inc., (collectively, "Wellmark") file this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Symbology Innovations, LLC's ("Plaintiff") First Amended Complaint. Wellmark denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

PARTIES AND JURISDICTION

1.  Wellmark admits that the Complaint purports to set forth an action for patent infringement and the Plaintiff purports to seek injunctive relief as well as damages, but denies that Plaintiff is entitled to any relief from Wellmark.

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 1**

2. Wellmark admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and that this Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

3. Wellmark is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. Wellmark, Inc. admits it is an Iowa corporation with a principal place of business as 1331 Grand Avenue, Des Moines, IA 50309.

5. Wellmark of South Dakota, Inc. admits it is a South Dakota corporation, although its principal place of business is 1601 W. Madison, Sioux Falls, SD 57104.

6. Wellmark denies the allegations of Paragraph 6 of the Complaint.

7. Wellmark denies the allegations of Paragraph 7 of the Complaint.

## VENUE

8. Wellmark denies that venue is proper. Wellmark denies that venue is convenient in this judicial district as to Wellmark. Wellmark denies it has committed acts of infringement and, on that basis, denies the remaining allegations of Paragraph 8.

## COUNT I

9. Wellmark incorporates by reference the answers to paragraphs 1–8 above.

10. Wellmark admits that the Complaint purports to set forth a claim under the patent laws of the United States. Wellmark otherwise denies the remaining allegations of Paragraph 10 of the Complaint.

11. Wellmark is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12. Wellmark admits that a purported copy of U.S. Patent No. 8,424,752 (the "'752 Patent") is attached to the amended complaint as Exhibit A and that the face of that patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." Wellmark lacks knowledge sufficient to confirm or deny if the document attached as Exhibit A is a true and correct copy of the '752 Patent. Wellmark otherwise denies the remaining allegations in paragraph 12.

13. Wellmark denies the allegations in Paragraph 13 of the Complaint.

14. Wellmark denies the allegations in Paragraph 14 of the Complaint.

15. Wellmark denies the allegations in Paragraph 15 of the Complaint.

16. Wellmark denies the allegations in Paragraph 16 of the Complaint.

17. Wellmark denies the allegations in Paragraph 17 of the Complaint.

18. Wellmark is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies all such allegations.

## COUNT II

19. Wellmark incorporates by reference the answers to paragraphs 1–18 above.

20. Wellmark admits that the Complaint purports to set forth a claim under the patent laws of the United States. Wellmark otherwise denies the remaining allegations of Paragraph 20 of the Complaint.

21. Wellmark is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies all such allegations.

22. Wellmark admits that a purported copy of U.S. Patent No. 8,651,369 (the "'369 Patent") is attached to the amended complaint as Exhibit B and the face of the patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." Wellmark lacks knowledge sufficient to confirm or deny if the document attached as Exhibit B is a true and correct copy of the '369 Patent. Wellmark otherwise denies the remaining allegations in paragraph 22.

23. Wellmark denies the allegations in Paragraph 23 of the Complaint.

24. Wellmark denies the allegations in Paragraph 24 of the Complaint.

25. Wellmark denies the allegations in Paragraph 25 of the Complaint.

26. Wellmark denies the allegations in Paragraph 26 of the Complaint

27. Wellmark denies the allegations in Paragraph 27 of the Complaint

28. Wellmark is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, on that basis, denies all such allegations.

## COUNT III

29.     Wellmark incorporates by reference the answers to paragraphs 1–28 above.

30.     Wellmark admits that the Complaint purports to set forth a claim under the patent laws of the United States. Wellmark otherwise denies the remaining allegations of Paragraph 30 of the Complaint.

31.     Wellmark is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, on that basis, denies all such allegations.

32.     Wellmark admits that a purported copy of U.S. Patent No. 8,936,190 (the "'190 Patent") is attached to the complaint as Exhibit C and that the face of that patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." Wellmark lacks knowledge sufficient to confirm or deny if the document attached as Exhibit C is a true and correct copy of the '190 Patent. Wellmark otherwise denies the remaining allegations in paragraph 32.

33.     Wellmark denies the allegations in Paragraph 33 of the Complaint.

34.     Wellmark denies the allegations in Paragraph 34 of the Complaint.

35.     Wellmark denies the allegations in Paragraph 35 of the Complaint.

36.     Wellmark denies the allegations in Paragraph 36 of the Complaint

37.     Wellmark denies the allegations in Paragraph 37 of the Complaint

38. Wellmark is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, on that basis, denies all such allegations.

## PRAYER FOR RELIEF

Wellmark denies the Plaintiff is entitled to any relief from Wellmark and denies all the allegations contained in Paragraphs a-e of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Wellmark's Affirmative Defenses are listed below. Wellmark reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

39. Wellmark has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '752, '369, and '190 Patents (collectively, the "Asserted Patents").

## SECOND AFFIRMATIVE DEFENSE

40. Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

41. To the extent that Plaintiff and any predecessors in interest to any of the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C § 287, or otherwise give proper notice that Wellmark's actions allegedly infringe the Asserted Patents, Wellmark is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

**FOURTH AFFIRMATIVE DEFENSE**

42. To the extent that Plaintiff asserts that Wellmark indirectly infringes, either by contributory infringement or inducement of infringement, Wellmark is not liable to Plaintiff for the acts alleged to have been performed before Wellmark knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

43. Plaintiff's attempted enforcement of the Asserted Patents against Wellmark is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

44. The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by Wellmark.

## SEVENTH AFFIRMATIVE DEFENSE

45. Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patents do not claim patentable subject matter under 35 U.S.C. § 101.

## EIGHTH AFFIRMATIVE DEFENSE

46. To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## WELLMARK'S COUNTERCLAIMS

For their counterclaims against Plaintiff Symbology Innovations, LLC ("Symbology"), Counterclaim Plaintiffs Wellmark, Inc. and Wellmark of South Dakota, Inc. (collectively "Wellmark") allege as follows:

## PARTIES

1. Counterclaim Plaintiff Wellmark, Inc. is a corporation organized and existing under the laws of the State of Iowa, with a principal place of business in Des Moines, IA.

2. Counterclaim Plaintiff Wellmark of South Dakota, Inc. is a corporation organized and existing under the laws of the State of South Dakota, with a principal place of business in Sioux Falls, SD.

3. Upon information and belief based solely on Paragraph 3 of the Complaint as plead by Plaintiff, Counterclaim Defendant Symbology Innovations, LLC, is a limited liability company organized and existing under the laws of the State of

Texas and maintains its principal place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## JURISDICTION

4. Wellmark incorporates by reference paragraphs 1–3 above.

5. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

6. Symbology has consented to the personal jurisdiction of this court by at least commencing their action for patent infringement in this district, as set forth in its Complaint.

7. Based solely on Symbology's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON_INFRINGEMENT

8. Wellmark incorporates by reference paragraphs 1–7 above.

9. Based on Symbology's filing of this action and at least Wellmark's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Wellmark infringes the '752, '369, and '190 Patents.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Wellmark requests a declaration by the Court that Wellmark has not infringed and does not infringe any claim of the '752, '369, and '190 Patents under any theory (including

directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

## DECLARATION REGARDING INVALIDITY

11. Wellmark incorporates by reference paragraphs 1–10 above.

12. Based on Symbology's filing of this action and at least Wellmark's Second Affirmative Defense, and actual controversy has arisen and now exists between the parties as to the validity of the claims of the '752, '369, and '190 Patents.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Wellmark requests a declaration by the Court claims of the '752, '369, and '190 Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Wellmark asks this Court to enter judgment in Wellmark's favor and against Symbology by granting the following relief:

    a) a declaration that the '752, '369, and '190 Patents are invalid;

    b) a declaration that Wellmark does not infringe, under any theory, any valid claim of the '752, '369, and '190 Patents that may be enforceable;

    c) a declaration the Symbology take nothing by its Complaint;

    d) judgement against Symbology and in favor of Wellmark;

    e) dismissal of the Complaint with prejudice;

    f)    a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Wellmark of its costs and attorneys' fees incurred in this action; and

    g)    further relief as the Court may deem just and proper.

## JURY DEMAND

Wellmark hereby demands trial by jury on all issues.

Dated: October 9, 2015

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Neil J. McNabnay*
Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
David B. Conrad
conrad@fr.com
Texas Bar No. 24049042
Ricardo J. Bonilla
rbonilla@fr.com
Texas Bar No. 24082704
1717 Main Street, Suite 5000
Dallas, Texas  75201
(214) 747-5070 - Telephone
(214) 747-2091 - Facsimile

Counsel for Defendants
WELLMARK, INC. and WELLMARK OF SOUTH DAKOTA, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 9, 2015, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Ricardo J. Bonilla*
Ricardo J. Bonilla